EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an action upon a cheek given by Mrs. Evans to Roy Martin Construction (the contractor).
Mrs. Evans and her husband entered into an agreement with the contractor whereby the contractor was to construct a home for the Evanses. When the home was supposedly completed, Mrs. Evans issued the check in question to the contractor for the balance due under the building agreement, $4,696. The check was presented to Mrs. Evans’s bank and was returned unpaid to the contractor.
The contractor sued Mrs. Evans upon the check for the amount thereof, interest thereon and attorney’s fees. The parties entered into an arbitration agreement which contained the following provision:
“Forrest E. Waters, Jr. is selected as arbitrator to hear and decide the following issue: Did Roy Martin Construction, Inc. perform adequately under his contract with Charla C. Evans? And if Roy Martin Construction, Inc. did not adequately perform or complete his contract with Charla C. Evans, what are the damages? That is, how much less is the value of what was delivered or performed by Roy Martin Construction, Inc. than the value that was contracted to be performed? Is there payment yet to be made under the contract and if so, how much? ”
The arbitrator’s report or award was as follows: “After going over each item and putting an amount it would take to fix these items or correct these items which I determined to be part of the contract or warranty as it related to workmanship and material, the total dollar amount that I estimate it will be $1,730.” Thereafter, the parties continued in their disagreements and further proceedings were filed and had in the trial court. Based upon the arbitration agreement and the arbitrator’s award, both parties filed motions for a summary judgment in their favor. In granting the contractor’s motion for a summary judgment and in denying Mrs. Evans’s similar motion, the- trial court made the following determination:
“Based on the matters presented by the respective attorneys, the Court finds the following specific facts to be established:
“1. On June 15, 1979, the Defendant uttered a check in the amount of $4,696.00, delivered the check to Plaintiff; the check was presented to the drawee’s bank and returned unpaid.
“2. Under Submission Agreement dated July, 1981, Defendant’s claim of defective construction was submitted to binding arbitration before Forrest E. Waters, Jr.
“3. The hearing was had and Arbitrator Forrest Waters ruled that Defendant was entitled to be credited with $1,730.00 on the claim of Plaintiff against Defendant.
*1100 “Based on the foregoing and applicable law, the Court concludes that the relief sought by Plaintiff is due to be granted. It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
“1. Plaintiff’s claim based on the unpaid check is granted and Plaintiff is hereby granted a judgment in the amount of $4,696.00 plus interest and reasonable attorney’s fees in the amount of fifteen per cent (15%).
“2. Defendant is entitled to a credit of $1,730.00, the amount of the arbitration award, against Plaintiff’s judgment.”
Mrs. Evans appeals and has raised two issues.
She first contends that the trial court erred in awarding interest and attorney’s fees to the contractor. We do not concur with that argument for an attorney’s fee could have been awarded under section 6-5-285 of the Code of Alabama (1975) and interest was allowable by code section 8-8-8.
She further argues, in substance, that, under the award as made by the arbitrator, she was entitled to recover $1,730 but that the contractor could not obtain a judgment against her for anything. In that respect, she contends that the trial court erroneously looked to the intent of the parties rather than in just interpreting the arbitration agreement and award. We have carefully studied both of those instruments and are of the firm conclusion that the learned trial court’s interpretation of them was wise, correct and proper.
There being no error relative to either of the issues raised before this court, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.